# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 29, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| ELIZABETH NEELEY, | * | |
| | * | No. 16-251V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Petitioner's Costs; |
| | * | Special Master's Discretion; |
| Respondent. | * | Travel Time; Reduction of |
| | * | Hourly Rates; Law Clerk Rates |
| * * * * * * * * * * * * * * * * * * | | |

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.
Amy P. Kokot, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 23, 2016, Elizabeth Neeley ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2] Petitioner alleges that as a result of receiving haemophilus influenzae type B ("Hib"), hepatitis A, hepatitis B, and tetanus-diphtheria-acellular pertussis ("TDaP") vaccinations on or about February 20, 2015, she developed Guillain-Barré Syndrome ("GBS") and/or other neurological and physical impairments. Petition (ECF No. 1). On July 19, 2017, I issued a decision awarding compensation to petitioner based on the parties' joint stipulation. Decision dated July 19, 2017 (ECF No. 105).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On October 27, 2017, petitioner filed a motion for attorneys' fees and costs. Motion (ECF No. 44). Petitioner requests attorneys' fees in the amount of $44,298.50, and costs in the amount of $3,616.27, for a total request of $47,914.77. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses while pursuing this claim. Motion at Exhibit 3.

On November 1, 2017, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 45). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply. This matter is now ripe for adjudication.

On November 4, 2016, Chief Special Master Dorsey issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), that addressed reasonable hourly rates for the McLaren firm. She concluded in that decision that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant application, with the exception of the hourly rates billed for attorney travel time and for work performed by law clerks in 2016 and 2017. I will adopt the reasoning in the *Henry* regarding the reasonable hourly rates requested by petitioner in this case.

I have reviewed the billing records submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing the task. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours. However, consistent with *Henry*, I will reduce the award to reflect rate reductions for travel time and for law clerk rates in 2016 and 2017.

Mr. Webb billed 13.7 hours for travel at his full rate of $305.00 per hour for a client meeting on March 14, 2016. Motion, Exhibit 2 at 8. The Vaccine Program routinely compensates attorneys at half their normal rate for time spent traveling. *See, e.g. Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special Masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."). *See also Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576, 1997 WL 588954, *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

Petitioner's attorneys have previously been denied their full rate for travel time. *Ward v. Sec'y of Health & Human Servs.*, No. 16-635V, 2017 WL 6276143 (Fed. Cl. Spec. Mstr. Apr. 20, 2017; *J.L.D. v. Sec'y of Health & Human Servs.*, 15-716V, 2017 WL 563189, at *4  (Fed. Cl.

Spec. Mstr. Jan. 18, 2017); *May v. Sec'y of Health & Human Servs.*, 12-712V, 2016 WL 7664474, at *4  (Fed. Cl. Spec. Mstr. Dec. 15, 2016); *Rowden c. Sec'y of Health & Human Servs.*, No. 14-400V, 2016 WL 7785616, at *4 (Fed. Cl. Spec. Mstr. Dec. 2, 2016).  I will accordingly reduce Mr. Webb's hourly rate by half for the 13.7 hours he spent traveling, **resulting in a reduction of $2,089.25.**

Further, there were 26 hours of law clerk time billed in 2016 at a rate of $150 per hour, and 11.5 hours of law clerk time billed in 2017 at a rate of $155 per hour.[3]  Motion, Exhibit 2 at 27.  Consistent with *Henry*, the law clerk and paralegal hourly rates for the McLaren firm are set at $145 per hour for work performed in 2016.  Additionally, the upper limit of the 2017 hourly rate for law clerks and paralegals at the McLaren firm has previously been set at $148 per hour. *Dempsey v. Sec'y of Health & Human Servs.*, 04-394V, 2017 WL 6343870 (Fed. Cl. Spec. Mstr. Nov. 16, 2017).  I will thus reduce the hourly rate to $145 for law clerk time billed in 2016 and $148 for law clerk time billed in 2017, **resulting in a reduction of $210.50**.

I have reviewed the submitted expenses and their accompanying invoices.  In my experience, the request appears reasonable and I find no cause to reduce the amount requested for reimbursement of expenses incurred by petitioner's counsel.

Based on the foregoing, I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

**Attorneys' Fees**

| | |
|---|---:|
| Requested attorneys' fees | $44,298.50 |
| Travel time reduction | - 2,089.25 |
| Law clerk rate adjustment | - 210.50 |
| **Attorneys' Fees Awarded** | **$41,998.75** |

**Costs**

| | |
|---|---:|
| **Attorneys' Costs Awarded** | **$3,616.27** |
| **Total Attorneys' Fees and Costs Awarded** | **$45,615.02** |

---

[3] It is noted that the chart of petitioner's counsel's hourly rates and hours expended included as a Footnote 2 to the motion incorrectly lists the hourly rates as requested.  Motion at 10.  In the column labeled "Hourly Rate," the rates listed are those that the McLaren firm has been awarded previously and are consistent with *McCulloch*.  However, the amounts listed in the "Subtotal" column are not based off those rates, but rather the rates actually requested by petitioner, which are higher than the *McCulloch* rates and, as discussed, have been denied to petitioner's counsel repeatedly in the past.  This chart is very misleading, as it suggests that the subtotals, and thus the total fees request of $44,298.50, reflect the hourly rate listed in the chart multiplied by the hours expended, which is not accurate.  Instead, the subtotals are calculated by multiplying the hours expended by the higher requested rates, but they are presented as if they represent the totals using the *McCulloch* rates.

A chart reflecting the actual hourly rates as requested by petitioner's counsel multiplied by the hours expended can be found at the end of the billing log submitted as Exhibit 2 to the motion.  Motion, Exhibit A at 27.

**Accordingly, I award the following:**

1) **A lump sum in the amount of $45,615.02, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Michael G. McLaren, of Black McLaren, et al., PC**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.